# EXHIBIT A



null / ALL
**Transmittal Number: 17988476**
**Date Processed: 04/04/2018**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Ms. Lynn Radliff<br>Amazon.Com, Inc.<br>P.O. Box 81226<br>Seattle, WA 98108-1226 |
| **Electronic copy provided to:** | Gianmarco Vairo<br>Joell Parks<br>Christine Schram<br>Eugide Matondo<br>Karen Curtis<br>Jesse Jensen<br>Rochelle Lewis<br>Theresa Nixon<br>Kimberly Thomas<br>Lynn Foley-Jefferson<br>Scotty Bauder<br>Tammy Malley-Naslund<br>Maria Catana<br>Elizabeth Hernandez<br>Annamaria Taskai<br>Lizette Fernandez |

| | |
|---|---|
| **Entity:** | Amazon Logistics, Inc.<br>Entity ID Number  3192856 |
| **Entity Served:** | Amazon |
| **Title of Action:** | Transport Systems, LLC vs. Amazon |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Wayne County Circuit Court, Michigan |
| **Case/Reference No:** | 18-003390-PD |
| **Jurisdiction Served:** | Michigan |
| **Date Served on CSC:** | 04/03/2018 |
| **Answer or Appearance Due:** | 28 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Regular Mail |
| Sender Information: | Drew S. Norton<br>248-797-4013 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882  |  sop@cscglobal.com

Exhibit A

Approved, SCAO

| Original - Court<br>1st Copy- Defendant | 2nd Copy - Plaintiff<br>3rd Copy -Return |
|---|---|

| STATE OF MICHIGAN<br>THIRD JUDICIAL CIRCUIT<br>WAYNE COUNTY | SUMMONS AND COMPLAINT | CASE NO<br>18-003390-PD<br>Hon.Leslie Kim Smith |
|---|---|---|

Court Address 2 Woodward Ave., Detroit MI 48226      Court Telephone No. 313-224-2427

| Plaintiff<br><br>Transport Systems, Inc. | v | Defendant<br><br>Amazon<br>c/o CSC - Lawyers Inc Service<br>601 Abbot St.<br>East Lansing MI 48823 |
|---|---|---|

| Plaintiff's Attorney<br><br>Drew S. Norton 41847<br>898 N Adams Rd Unit 2<br>Birmingham, MI 48009-5664  248 797 4013 | | |

SUMMONS  NOTICE TO THE DEFENDANT:  In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. YOU HAVE 21 DAYS after receiving this summons to file a written answer with the court and serve a copy on the other party
   or take other lawful action with the court (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the
   complaint.

| Issued<br>3/27/2018 | This summons expires<br>6/26/2018 | Court clerk<br>Jacquetta Parkinson |
|---|---|---|

Family Division Cases (The following is information required in the caption of every complaint and is to be completed by the plaintiff.)
- ☐ This case involves a minor who is under the continuing jurisdiction of another Michigan court.The name of the court, file number and details are on page _____ of the attached complaint.
- ☐ There is no other pending or resolved action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties.
- ☐ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in _____ Court.

The action ☐ remains   ☐ is no longer pending.   The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|

Civil Cases (The following is information required in the caption of every complaint and is to be filed by the plaintiff.)
- ☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.
- ☒ There is no other pending or resolved civil action arise out of the same transaction or occurrence as alleged in the complaint.
- ☐ An civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in _____ Court.

The action ☐ remains   ☐ is no longer  pending.  The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|

VENUE

| Plaintiff(s) residence (include city, township, or village)<br>Dearborn MI | Defendant(s) residence (include city, township, or village)<br>Seattle WA |
|---|---|

| Place where action arose or business conducted<br>Dearborn MI | |
|---|---|

Date  3/30/18      Signature of attorney/plaintiff

If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

MC 01 (6/17) SUMMONS AND COMPLAINT MCR 2.102(B)(11), MCR 2.104, MCR 2.105, MCR 2.107, MCR 2.113(C)(2)(a),(b), MCR 3.206(A)

Note to Plaintiff :The summons is invalid unless
served on or before its expiration date.

SUMMONS AND COMPLAINT
18-003390-PD

## PROOF OF SERVICE

TO PROCESS SERVER: You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

## CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE

| ☐   OFFICER CERTIFICATE | OR | ☐   AFFIDAVIT OF PROCESS SERVER |
|---|---|---|
| I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that:         (notarization not required) | | Being first duly sworn, I state that I am a legally competent adult who is not a party or an officer of a corporate party, and that: (notarization required) |

☐ I served personally a copy of the summons and complaint.

☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint, together with _____
List all documents served with the Summons and Complaint

_____

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
|  |  |  |
|  |  |  |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
|  |  |  |
|  |  |  |

I declare that the statements above are true to the best of my information, knowledge and belief

| Service fee $ | Miles traveled $ | Fee $ | | Signature |
|---|---|---|---|---|
| Incorrect Address fee $ | Miles traveled $ | Fee $ | Total fee $ | Name (type or print) |
|  |  |  |  | Title |

Subscribed and sworn to before me on _____, _____ County, Michigan.
Date

My commission expires: _____   Signature: _____
Date                                                          Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

## ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of the summons and complaint, together with _____
Attachments

_____ on _____
Day, date, time

_____ on behalf of _____

_____
Signature

STATE OF MICHIGAN
IN THE CIRICUIT COURT FOR THE COUNTY OF WAYNE

TRANSPORT SYSTEMS, LLC,
a Michigan limited liability company,

                          Plaintiff,        Case No.        —CK- PD

v                                   Hon.

AMAZON, a foreign corporation, and
U.S. XPRESS, INC., d/b/a U.S. Xpress Logistics,
a foreign corporation, jointly and severally,

                    Defendants.

Drew S. Norton (P41847)
Attorney for Plaintiff
898 N. Adams, Suite 2
Birmingham, Michigan 48009
(248) 797-4013
drew@drewnortonlaw.com

## COMPLAINT FOR CLAIM AND DELIVERY, BREACH OF CONTRACT, CONVERSION AND OTHER RELIEF

There is no other pending or resolved civil action arising out
of the transaction or occurrence alleged in the complaint.

Plaintiff, Transport Systems, LLC  through its counsel, Drew S. Norton, for

its Complaint against Defendants Amazon and U.S. Xpress, Inc. ("USX") states

as follows:

1. Plaintiff is a Michigan limited liability company with its principal place of

   business in Dearborn Michigan.

2. Defendant Amazon is a foreign corporation doing business in Wayne

   County Michigan.

3. Defendant USX is a foreign corporation doing business in Wayne County

   Michigan.

4. The facts and circumstances giving rise to this Complaint all took place in Wayne County  Michigan.

5. The amount in controversy exceeds $25,000.00 exclusive of interest, costs and attorneys' fees.

6. This Complaint also seeks equitable relief falling within the jurisdiction of this Court.

7. Plaintiff is in the business of, among other things, providing trucks and trailers for hire in the trucking industry and is licensed for that purpose by the Federal Motor Carrier Safety Administration.

8. On information and belief Defendant USX a broker licensed by the Federal Motor Carrier Safety Administration.

9. On October 17, 2017 Plaintiff and Defendant USX agreed to a drop and hook shipment pursuant to a Load Tender and Rate Agreement Sheet. (Exhibit A).

10. On or about October 20, 2017 Plaintiff and Defendant USX entered into general a Broker/Carrier Agreement (Exhibit B).

11. The aforementioned agreements contemplated regular shipments pursuant to these terms.

12. One such shipment was on behalf of Defendant Amazon from Brownstown Michigan to Hazel Park Michigan utilizing Plaintiff's 2016 Vanguard trailer #4029, VIN 5V8VC5326GM607804.

13. At some point Defendant USX began using trailer #4029 for other carriers without Plaintiff's permission.

2

14. On information and belief this other shipments were for and on behalf of Amazon.

15. Trailer #4029 is now missing.

16. It has been spotted by one of Plaintiff's drivers in Hebron Kentucky.

## COUNT I
### (Claim and Delivery)

17. Plaintiff hereby incorporates by reference and re-alleges all previous paragraphs.

18. Plaintiff is titleholder to trailer #4029 and is therefore entitled to possession.

19. Trailer #4029 has a value of $35,000.00.

20. Trailer #4029 is an independent piece of property.

## COUNT II
### (Breach of Contract)

21. Plaintiff hereby incorporates by reference and re-alleges all previous paragraphs.

22. Defendant breached the party's contract by, among other things, wasting or converting trailer #4029.

23. Plaintiff has been damaged by the loss of trailer #4029 and the daily use of this productive asset.

## COUNT III
### (Conversion—Common Law and MCL 600.2919a)

24. Plaintiff hereby incorporates by reference and re-alleges all previous paragraphs.

3

25. Defendants together and individually have unlawfully detained or taken trailer #4029 for their personal use and/or benefit.

26. Defendants' actions constitute conversion.

27. As a result Plaintiff has sustained damages.

28. MCL 600.2919a provides that Plaintiff is entitled to three time its actual damages plus costs and reasonable attorney fees.

### COUNT IV
### (Unjust enrichment)

28 Plaintiff hereby incorporates by reference and re-alleges all previous paragraphs.

29  Defendants are benefiting from the possession and use of trailer #4029.

30 Because Defendants have not paid for said benefits, Defendants have been unjustly enriched.

31 As a result, Plaintiff has sustained damages.

32 It would be unjust and inequitable for Defendants to retain said benefits to the detriment of Plaintiff.


WHEREFORE, Plaintiff respectfully requests that this Court enter Judgment in its favor and against Defendants for:

a. return of trailer #4029 or alternatively, the value of trailer #4029;

b. $500.00 per day rent/lost earnings from October 18, 2017 until the date of the Judgment;

4

    c.   three times said amounts plus costs and attorneys' fees

        pursuant to MCL 600.2919a; and

    d.  any other relief this Court deems appropriate under the

        circumstances.


Dated:  March 25, 2018                  *Drew S. Norton*
                                        Drew S. Norton (P41847)
                                        898 N. Adams, Suite 2
                                        Birmingham, MI  48009
                                        (248) 797-4013
                                        drew@drewnortonlaw.com
                                        Counsel for Plaintiff

**EXHIBIT A**



**U.S. Xpress Logistics**
PO Box 9349
Louisville, KY 40209

10/16/2017 11:22:49 AM

**Load Tender and Rate Agreement Sheet**

Please submit your load paperwork and invoices using TRANSFLO $Velocity using Broker ID: XONEV

Carrier Must Reference Ord#: 3101460 on invoice to expedite payment process.

Detention is waived if Carrier misses their Appointment time

If you are submitting paperwork for a Quick Pay using TRANSFLO $Velocity, please use Broker ID: XONEVQP as this will expedite the request.

| | | |
|---|---|---|
| **Carrier:** TRANSPORT SYSTEMS LLC<br>DEARBORN, MI<br>734-272-2044 | **TRADEA** | **Segment#** 3158615 |
| **Order#: 3101460** | **Equipment Type:** | **VAN** |
| **Miles: 30** | **Size:** | |
| **Origin Pick Up:** LIVE LOAD | **Final Delivery:** | **DROP TRAILER** |

---

### LOAD IS NOT TO BE BROKERED OR FEES CAN OCCUR

---

### Dispatch Instructions:

Driver must say they are picking up and delivering for US Xpress Logistics.

Carrier must notify US Xpress Logistics if they will be late to a pick up or delivery appointment. If an appointment is missed, US Xpress Logistics will reschedule the appointment for the next available appointment time with the customer. US Xpress Logistics will not be financially responsible to Carrier for any costs incurred by Carrier due to US Xpress Logistics resetting the appointment.

Carrier must provide the tractor and trailer numbers, driver's name and cell phone number, the PRO number, and after hours contact.

Overages, shortages, damages must be reported to US Xpress Logistics while Carrier is still at the customer delivery location and noted on the Bill of Lading. Notification shall be made to the Carrier Representative noted on the rate confirmation.

All unplanned accessorial charges must be communicated to US Xpress Logistics by Carrier immediately and approved by US Xpress Logistics in writing in order to be paid.

In order for Carrier to receive payment for detention, Carrier must provide US Xpress Logistics at least thirty (30) minutes' notice prior to detention taking effect, send the IN and OUT times on the Bill of Lading, and receive US Xpress Logistics' prior written approval for the detention charge. Late arrival at pick up or delivery will automatically disqualify Carrier from receiving payment for detention. IN and OUT times must be written on the Bill of Lading by the customer (if the customer refuses, Carrier must get the name of that person and report it to US Xpress Logistics immediately).

In addition to the other requirements set forth herein, before paying or agreeing to any lumper services, Carrier must notify the Carrier Representative noted on the rate confirmation at US Xpress Logistics and get prior authorization/approval in writing in order to get full reimbursement. Carrier must provide a signed lumper receipt to receive payment for a lumper service.

All special instructions on the rate confirmation sheet must be performed at the negotiated rates.

Cargo must be inspected by Carrier at pick-up and delivery, unless pre-sealed by the customer or a drop and hook.

The Carrier must review the Bill of Lading to ensure all terms are met.

Carrier is responsible for matching all information on the Bill of Lading given to the driver to that which is on the rate confirmation. Any costs incurred by US Xpress Logistics due to Carrier's failure to notify US Xpress Logistics' Carrier Representative of any discrepancies while at the shipper will be the Carrier's responsibility.

A signed Bill of Lading must be furnished with Carrier's invoice to receive payment.

Carrier shall be responsible for adhering to Shipper's instructions communicated to Carrier on a load-by-load basis. Carrier agrees that food that has been transported or offered for transport under conditions that are not in compliance with the Shipper's instructions, as provided to Carrier by the Shipper, may be considered "adulterated," as determined by a qualified individual, within the meaning of the Federal Food, Drug and Cosmetic Act, 21 U.S.C. §342(i), and its implementing regulations. Carrier understands and agrees that adulterated shipments may be refused by the consignee or receiver, upon their delivery, at destination without diminishing or affecting Carrier's liability in the event of a cargo claim.

Carrier shall be willing, upon Broker's request, to accept satellite or cell phone tracking through a third party vendor.

Any supplemental Service Requirements will be communicated to Carrier on a per shipment basis.

| | |
|---|---|
| Total Weight: | 0   LBS |
| **Ord# 3101460 Total Pay(USD):** | **$400.00** |
| Linehaul Pay: | $400.00 |
| Fuel Surcharge: | $0.00 |
| Add. Accessorials: | $0.00 |
| Service Bonus: | $0.00 |

Order Comments:

BOL#: 115T4R1RB  USX SHIPMENT ID: 01-7524604

| Company | Pallets/Pcs | Appointment Type | Early | Late | Weight UOM |
|---|---|---|---|---|---|
| P/U Point AMAZON DTW5<br>19991 BROWNSTOWN CTR DR B<br>BROWNSTOWN<br>TOWNSHI,MI/WAY 48134<br>Commodity:UNKNOWN | 0 | Appt Set<br><br>Pickup Reference #:DTW548192, QTOPS<br>MBOL:115T4R1RB | 10/18/2017 12:30 AM | 10/18/2017 12:30 AM | 0LBS |
| D/R Point AMAZON DDT1<br>1400 E 10 MILE RD<br>HAZEL PARK,MI/OAK 48030<br>Commodity:UNKNOWN | 0 | Appt Set<br><br>Pickup Reference #:DDT148030, QTOPS<br>MBOL:115T4R1RB | 10/18/2017 3:30 AM | 10/18/2017 3:30 AM | 0LBS |

**Terms and Conditions:** U.S. Xpress Logistics hereby referred to as USX Logistics

- The rates set forth in this an independent contractor agreement("Agreement") between the parties and are for the above stated service/load only and are not valid for any other business between the undersigned parties.
- Carrier agrees to indemnify, defend and hold harmless USX Logistics and its customers from any loss, damage, liability, expense or claim relating to, resulting from, or arising out of Carrier's services, including, but not limited to, Carrier's negligent or willful acts or omissions. Carrier shall be liable for all loss, damage, injury to or delay of freight shipped hereunder in accordance with 49 U.S.C. 14706.
- USX Logistics agrees to pay Carrier within 30 days of receipt of Carrier's undisputed invoice provided all necessary documentation, including but not limited to the original Bill of Lading for the load and the rate confirmation sheet with amounts matching the invoice, has been provided to USX Logistics. Carrier agrees to look solely to USX Logistics for payment and shall not make any demand upon USX Logistics' customer ("Shipper") for payment. Shipper is a third party beneficiary of this Agreement. USX Logistics will have the right to offset payments owed to Carrier upon a claim by USX Logistics or Shipper regarding any damage to any shipment.
- Carrier understands and agrees that for a period of 1 year from the date of the Agreement, Carrier shall not back solicit, directly or indirectly, any Shipper whose transportation needs were disclosed to Carrier in connection with this Agreement. As liquidated damages, Carrier agrees to pay a 15% commission on all traffic handled for Shippers whose transportation needs were disclosed to Carrier in connection with this Agreement for a period of 1 year.
- Carrier warrants to USX Logistics (and Shipper) that it meets the following criteria and that it shall promptly notify USX Logistics (and Shipper) of any failures to meet any of the following criteria: (a) Carrier shall maintain all risk cargo insurance in the amount of not less than $100,000 per shipment; (b) Carrier shall maintain motor carrier automobile public liability insurance for property damage and personal injury in the amount of not less than $1,000,000; (c) Carrier shall maintain workers compensation insurance as required by state law; (d) Carrier shall agree to provide certificates of insurance upon request; (e) Carrier shall maintain "Satisfactory" U.S. DOT safety ratings or the equivalent CSA scores and is otherwise authorized to provide the proposed services; and (f) Carrier shall be in compliance with all applicable laws.

- Carrier agrees that all freight tendered to it by USX Logistics shall be transported on equipment operated only under the authority of Carrier and Carrier shall not in any manner subcontract or broker
- Carrier agrees that the rates and charges herein are the only rates and charges to be paid by USX Logistics. No other tariff rates or charges will apply. USX Logistics will only pay additional charges if charges are agreed to in writing and USX Logistics is able to collect the charges from Shipper. Carrier must inform USX Logistics within 24 hours of any unplanned accessorial or other additional charges incurred. USX Logistics will not reimburse detention charges unless "in" and "out" times are clearly stated on the Bill of Lading. USX Logistics will reimburse Carrier for approved lumper costs upon submission by carrier of a signed receipt.
- If a shipment is rejected by Consignee, USX Logistics has the option to either (1) have Carrier place the load in storage or (2) have Carrier return it to the point of origin or some other point of destination specified by USX Logistics.
- If Carrier cannot complete delivery as agreed, USX Logistics may take whatever steps necessary to have such shipment completed, with Carrier responsible for any extra costs incurred by USX Logistics in doing so.
- Carrier waives all rights to any claim for a lien on the shipment.
- Carrier is to be named on the Bill of Lading as "carrier of record". Any term or provision on a bill of lading or other document inconsistent with this provision is void and unenforceable.
- This written Agreement contains the entire Agreement between the parties and may only be modified by signed written Agreement. If there is a signed Broker/Carrier Agreement or signed accessorial Agreement in effect between Broker and Carrier, any terms of such Agreement that conflict with this Agreement shall take precedence over this Agreement. Tennessee law, venue and jurisdiction shall apply. Failure by USX Logistics to enforce any provision of this Agreement does not constitute any waiver of any rights or remedies under this Agreement. If any provisions of this Agreement are declared invalid by a court of competent jurisdiction, the remainder of this Agreement shall remain in full force and effect.

Carrier's signature below or its acceptance of any load tendered by USX Logistics constitutes confirmation of and agreement to all information and terms and conditions set forth above and posted at http://www.usxpresslogistics.com.

Carrier Rep: FORREST BAYS

Email: FBAYS@USXPRESS.COM

Carrier Contact Name: ALI SALEH

Phone: (602)707-0030

Date: _____

Carrier Signature: _____

Please Sign and Fax back to U.S. Xpress Logistics @ (423)485-6714

EXHIBIT B

# BROKER/CARRIER AGGREMENT

THIS AGGREEMENT MADE ON THE 20 DAY OF October _____ ,2017 BY AND
BETWEEN TRANSPORT SYSTEMS LLC., HAVING OFFICES AT 5003 SCHAEFER
RD DEARBORN, MI 48126, AND US XPRES, _____ WITH PRINCIPLE
OFFICES LOCATED AT Charlotte, TN

A. WHEREAS CARRIER TRANSPORT SYSTEMS LLC IS LICENSED AS A
FEDERAL MOTOR CARRIER SAFETY ADMINISTERATION (FMCSA) WITH
MC-916095

B. WHEREAS BROKER U.S. XPRESS LOGISTICS IS A LICENSED BROKER
WITH FEDERAL MOTOR CARRIER SAFETY ADMINISTERATION (FMCSA)
MC-168121

BROKER:

1. WILL CHARGE FULL LOAD AMOUNT IF LOAD IS CANCELLED .

2. DETENTION WILL START 2 HOURS AFTER APPOINTMENT TIME.
DETENTION PAY WILL BE $50/HOUR.

3. THERE IS NO LAYOVER AFTER 5 HOURS OF DRIVER WAITING FOR LOAD.

4. ANY LOAD ADDED AFTER 3PM WILL BE CONSIDERED AN EXPEDITED
LOAD, WHICH WILL BE $750/LOAD.

5. ANY ADDITIONAL WORK ADDED BY CUSTOMER WILL INVOICE THE
BROKER TO BE PAID FOR IT.

6. THE CONTRACT WILL BE FOR ONE YEAR

CARRIER

1.TRANSPORT SYSTEMS LLC  WILL PICK UP THE LOAD ON TIME AND
DELIVER ON TIME

2. TRANSPORT SYSTEMS  LLC RSPONSIBLE TO COMPLETE THE LOADS
EVERY DAY 7 DAYS A WEEK.

3. TRANSPORT SYSTEMS LLC RESPONSIBLE TO PAY THE EXPEDIT LOAD
FEE IF THEY CAN NOT COVER IT.

CARRIER

TRANSPORT SYSTEMS

BY. Abdul

TITLE: Operation Manager

BROKER

BY. Forrest Rays

TITLE: Car Buyer III

GSC-Lawyers Inc Service
Re: Amazon
601 Abbot St.
East Lansing, MI 48823

# First Class Mail

First Class Mail

SAT 31 MAR 2018PM

Drew S. Norton
898 N. Adams, Suite 2
Birmingham, MI 48009