UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRANSPORT SYSTEMS, LLC,

    Plaintiff,

    v.

AMAZON and U.S. EXPRESS, INC.,

    Defendants.
    _____/

CASE NO. 18-CV-11286
HON. GEORGE CARAM STEEH

**ORDER GRANTING DEFENDANT**
**U.S. EXPRESS, INC.'S MOTION TO DISMISS (Doc. 11)[1]**

This diversity suit raises state law claims of breach of contract, claim and delivery, conversion, and unjust enrichment arising out of an agreement between Plaintiff Transport Systems, LLC ("Transport") and Defendant U.S. Express Inc. ("USX"). Amazon is also a named Defendant. Now before the court is USX's motion to enforce a forum-selection clause, and to dismiss on that basis, pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, USX's motion to enforce the forum-selection clause and to dismiss shall be granted.

---

[1] Although Defendant captions its motion as a motion for summary judgment, in its brief, Defendant moves to dismiss under Federal Rule of Civil Procedure 12(b)(6). Thus, the court treats the motion as a motion to dismiss.

- 1 -

I. **Background**

Plaintiff is in the business of providing trucks and trailers for hire in the trucking industry. Defendant USX is a broker licensed by the Federal Motor Carrier Safety Administration. On October 17, 2017, Plaintiff and Defendant USX agreed to a drop and hook shipment pursuant to a Load Tender and Rate Agreement Sheet, which is attached to the Complaint as Exhibit A. The Load Tender and Rate Agreement Sheet sets forth a mandatory forum-selection clause:

> This written Agreement contains the entire Agreement between the parties and may only be modified by signed written Agreement. If there is a signed Broker/Carrier Agreement or signed accessorial Agreement in effect between Broker and Carrier, any terms of such Agreement that conflict with this Agreement shall take precedence over this Agreement. **Tennessee law, venue and jurisdiction shall apply**.

(Doc. 11-2 at PgID 86) (emphasis added).

On October 20, 2017, Plaintiff and USX entered into a general Broker/Carrier Agreement which is attached to the Complaint as Exhibit B. The agreement contemplated regular shipments. One such shipment was on behalf of Defendant Amazon using Plaintiff's 2016 Vanguard trailer #4029. According to the Complaint, USX began using trailer #4029 for other carriers without Plaintiff's permission and that trailer is now missing.

Plaintiff filed suit in Wayne County Circuit Court, and Defendants removed on the basis of diversity jurisdiction. Defendant USX now moves to enforce the forum-selection clause and to dismiss.

## I. Standard of Law

USX moves to dismiss under Federal Rule of Civil Procedure 12(b)(6). The first question for the court is whether Rule 12(b)(6) is the appropriate method to seek enforcement of a forum-selection clause. In *Atlantic Marine Constr. Co., Inc. v. U.S. District Court for the W. Dist. Of Texas*, 571 U.S 49, 60 (2013), the Court held that the appropriate way to enforce a forum-selection clause pointing to a state or foreign forum is through the doctrine of *forum non conveniens* and held that such a motion was not proper under Rule 12(b)(3) or 28 U.S.C. § 1406. The Supreme Court did not reach the question, however, whether such a motion could be brought under Rule 12(b)(6). *Atlantic Marine*, 571 U.S. at 61. Since *Atlantic Marine* was decided, the Sixth Circuit has recognized that Rule 12(b)(6) remains a viable mechanism to enforce a forum-selection clause. *Smith v. Aegon Co. Pension Plan*, 769 F.3d 922, 934 (6th Cir. 2014). Also, in cases decided before *Atlantic Marine*, the Sixth Circuit suggested that the proper mechanism for enforcing a forum-selection clause is a motion to dismiss premised pursuant to Rule 12(b)(6) or a motion to dismiss for

*forum non conveniens*. *See Wong v. PartyGaming Ltd.*, 589 F.3d 821, 824, 830 (6th Cir. 2009) (denying the defendants' Rule 12(b)(3) motion to dismiss based on a forum-selection clause, and instead, dismissing the action *sua sponte* on *forum non conveniens* grounds); *Langley v. Prudential Mortg. Capitol Co.,* 546 F.3d 365, 366 (6th Cir. 2008) (remanding for consideration of whether forum-selection clause enforceable as part of a motion to dismiss pursuant to Rule 12(b)(6)); *Bracken v. DASCO Home Med. Equip., Inc.*, 954 F. Supp. 2d 686, 693-94 (E.D. Mich. 2013) (recognizing that Sixth Circuit permits motions to enforce a forum-selection clause under Rule 16(b)(6) or *forum non conveniens* grounds).[2]

Since *Atlantic Marine* was decided, district courts in the Sixth Circuit have considered motions to enforce a forum-selection clause under both Rule 12(b)(6) and under the doctrine of *forum non conveniens*. *See Branch v. Mays*, 265 F. Supp. 3d 801, 807 (E.D. Tenn. 2017) (applying *forum non conveniens* analysis *sua sponte* even though defendant moved to dismiss under Rule 12(b)(6)); *Ingenium Tech. Corp. v. Beaver*

---

[2] *See also Security Watch, Inc. v. Sentinel Sys., Inc.*, 176 F.3d 369, 371, 374-76 (6th Cir. 1999) (affirming district court's dismissal pursuant to an unspecified subsection of Federal Rule of Civil Procedure 12(b) to enforce a forum-selection clause).

*Aerospace & Defense, Inc.*, 122 F. Supp. 3d 683, 689 (E.D. Mich. 2015) (applying *forum non conveniens* standard); *Kelly v. Liberty Life Assurance Co. of Boston*, No. 17-139-DLB, 2018 WL 558643, at *3 (E.D. Ky. Jan. 25, 2018) (recognizing Rule 12(b)(6) remains permitted, but not required, procedural mechanism to enforce a forum-selection clause). Given the uncertainty in the law as to whether dismissal under Rule 12(b)(6) is the proper mechanism to enforce a forum-selection clause calling for bringing suit in a state forum, or whether the court should analyze such a claim under the doctrine of *forum non conveniens*, the court shall undertake both analyses here. In doing so, the court notes that Plaintiff has addressed the doctrine of *forum non conveniens* in its opposition brief, but USX denies that doctrine is relevant to the court's consideration. Because the court is ruling in USX's favor, there is no prejudice to USX for not moving to dismiss on the grounds of *forum non conveniens.*

"On a motion pursuant to Rule 12(b)(6), the court only needs to determine whether the forum selection clause is enforceable and applicable; if it is, then the suit should be dismissed." *Bracken*, 954 F. Supp. 2d at 694. Here, the parties have not submitted any evidence outside the pleadings regarding the convenience of the forum; thus, it is appropriate to conduct review pursuant to Rule 12(b)(6). Here, the forum-

selection clause is set forth in the Load and Tender Rate Agreement which is attached as Exhibit A to Plaintiff's Complaint. Thus, it is appropriate for the court to consider it in the context of USX's motion to enforce the forum-selection clause and to dismiss this action.

## II. Analysis

Plaintiff opposes USX's motion to dismiss for two reasons: (1) the forum-selection clause is allegedly permissive, not mandatory, and thus unenforceable; and (2) Tennessee is an inconvenient forum. Plaintiff's arguments are insufficient to overcome the presumption in favor of enforcement of a forum-selection clause.

### A.     Forum-Selection Clause is Mandatory

First, the forum-selection clause: "Tennessee law, venue and jurisdiction shall apply" is mandatory. Courts have found that the use of the term "shall," as opposed to discretionary terms like "may" or "should," when used in forum-selection clauses make the requirement of a certain forum mandatory, not permissive. *See Gen. Elec. Co. v. G. Siempelkamp GmbH & Co.*, 29 F.3d 1095, 1099 (6th Cir. 1994) ("Because the clause states that "all" disputes "shall" be at [Defendant's] principal place of business, it selects German court jurisdiction exclusively and is mandatory"); *Florida St. Bd. of Admin. v. Law Eng'g & Env. Serv., Inc.*, 262 F. Supp. 2d 1004, 1009

(D. Minn. 2003) ("Generally, courts have found that use of the words 'may' and 'should' signify permissive clauses, while use of the words 'shall,' 'will,' or 'must' signify mandatory clauses").

### B. Validity and Enforceability of Forum-Selection Clause

Having found that the forum-selection clause is mandatory, the court next turns to the question of whether it is enforceable. The "enforcement of valid forum-selection clauses, bargained for by the parties, protects their legitimate expectations and furthers vital interests of the justice system." *Atlantic Marine*, 571 U.S. at 63. (internal quotation marks and citation omitted). As a result, "a valid forum-selection clause [should be] given controlling weight in all but the most exceptional cases." *Id.* Such clauses are "prima facie valid" and "should be upheld absent a strong showing that [they] should be set aside." *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972).

In a diversity suit like this one, "the enforceability of the forum selection clause is governed by federal law." *Wong*, 589 F.3d at 828. The Sixth Circuit has established a three-part test for determining whether a forum-selection clause is enforceable. The court considers the following factors: "(1) whether the clause was obtained by fraud, duress, or other unconscionable means; (2) whether the designated forum would

ineffectively or unfairly handle the suit; and (3) whether the designated forum would be so seriously inconvenient such that requiring the plaintiff to bring suit there would be unjust." *Id.* Also, it is presumed that the clause is enforceable, and "the party opposing the forum-selection clause bears the burden of showing that the clause should not be enforced." *Id.*

Consideration of all three factors supports the conclusion that the forum-selection clause here should be enforced. Plaintiff does not challenge enforcement of the forum-selection clause based on the first two factors. Indeed, there is no allegation that the clause was obtained by fraud, duress, or other unconscionable means. In fact, the agreement was reached by two sophisticated business entities. Also, Plaintiff does not argue that Tennessee federal or state courts would ineffectively or unfairly handle the suit. In fact, they are well equipped to handle this suit which is governed by Tennessee law.

Plaintiff relies solely on the third factor and argues that Tennessee is an inconvenient forum because Plaintiff is a local, solely owned motor carrier; all of the routes run for USX, including the relevant route in this case, were run in Michigan; Plaintiff's books and records are in Michigan; and the witnesses are located in Michigan. Plaintiff also points to the fact that USX has greater resources than Plaintiff, does business in Michigan,

and has counsel located in Michigan as factors suggesting that Michigan would not be an inconvenient forum for USX.

Plaintiff has not met the third factor either. The Sixth Circuit has held that in order to satisfy the third factor, "the plaintiff must show that enforcement of the clause would be so inconvenient such that its enforcement would be unjust or unreasonable." *Wong*, 589 F.3d at 829. This is a heavy burden that is not met by showing mere inconvenience. *Id.* In *Wong*, plaintiffs were Ohio consumers, not sophisticated business entities, who sought to avoid enforcement of a forum-selection clause set forth in a non-negotiated consumer contract requiring any suit to be filed in Gibraltar. *Id.* Plaintiffs argued enforcement of the clause would be unreasonable because they were not entitled to a jury trial in Gibraltar, nor could they bring class action claims there. *Id.* at 829. The Sixth Circuit affirmed the district court's decision that the forum-selection clause was enforceable, finding that even requiring plaintiffs to litigate in a foreign country without the benefits afforded in the United States legal system would not be so inconvenient as to render it unjust or unreasonable. *Id.*

District courts have found that parties opposing enforcement of forum-selection clauses have failed to show that the chosen jurisdiction is inconvenient in circumstances similar to those presented here. *See, e.g.,*

*United American Healthcare Corp. v. Backs*, 997 F. Supp. 2d 741, 747-48 (E.D. Mich. 2014) (rejecting argument Michigan inconvenient forum even where party opposing enforcement of forum-selection clause had never been to Michigan, the sale of stock took place in California, all documents and witnesses were in California, and party seeking to enforce clause no longer headquartered in Michigan); *Ferris & Salter P.C. v. Thomson Reuters Corp.*, 819 F. Supp. 2d 667, 668, 671-72 (E.D. Mich. 2011) (enforcing forum-selection clause in which Canadian corporation with principal place of business in New York and Michigan law firm agreed to resolve disputes in Minnesota). Based on the above discussion, Plaintiff has not overcome the presumption that the forum-selection clause should control. Thus, the clause is enforceable.

### C. Forum Non Conveniens Analysis

The court now considers whether the forum-selection clause should be enforced via the *forum non conveniens* doctrine. Under that doctrine, the district court weighs several factors, but the analysis is markedly different when a forum-selection clause is in play. In a case in which there is no forum-selection clause, the Sixth Circuit has held that the district court must establish an adequate alternative forum, must weigh the relevant public and private interests, and give deference to the plaintiff's choice of

home forum.  *Wong*, 589 F.3d at 830.  However, where a forum-selection clause is present, the *forum non conveniens* analysis changes in several important respects, two of which are germane here: (1) the plaintiff's choice of forum merits little weight, and (2) the court must not consider the parties' private interests but deems those interests to weigh entirely in favor of the preselected forum.  *Atlantic Marine*, 571 U.S. at 63.

Under the above factors, the court finds that enforcement of the forum-selection clause here is appropriate.  There is no dispute that Tennessee courts are an adequate alternative forum.  Indeed, they are in a better position than this court to adjudicate the present dispute which sets forth state law claims only, as the parties' agreement contains a choice-of-law provision which calls for the application of Tennessee law.  There is no dispute that Plaintiff is amenable to process in Tennessee as Plaintiff consented to submit itself to the jurisdiction of Tennessee with the forum-selection clause.  *Wong*, 589 F.3d at 831.  Also, as the *Atlantic Marine* Court instructs, the court gives little weight to Plaintiff's choice of forum, 571 U.S. at 63, or to its private interests as Plaintiff contractually agreed to litigate in Tennessee, and thus, any inconvenience was clearly foreseeable at the time of contracting. 571 U.S. at 64.

This leaves for the court to consider only the public interest factors impacted by the forum-selection clause. The Supreme Court has recognized that inquiry involves analysis of the following factors: "the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; [and] the interest in having the trial of a diversity case in a forum that is at home with the law. The Court must also give some weight to the plaintiffs' choice of forum." *Id.* at 62 n.6 (internal quotation marks and citation omitted)). The Sixth Circuit has also identified as additional factors avoidance of conflict-of-law problems or application of foreign law, and unfairness in burdening local citizens with jury duty. *Wong*, 589 F.3d at 832.

Consideration of these factors weighs in favor of adjudication in Tennessee. There has been no suggestion of court congestion in Tennessee courts. There is no compelling local interest in having a breach of contract case decided in Michigan as the parties, two sophisticated business entities, agreed to try any dispute in Tennessee. Although the court gives some weight to Plaintiff's choice of forum, that weight is overcome by the public's interest in having a forum that is at home with the law. As Tennessee law governs the instant dispute, the public interest is served by having the matter litigated in Tennessee. A choice-of-law

provision will usually be given effect unless it would be contrary to a fundamental policy of a state with a materially greater interest in the issue. *Wong*, 589 F.3d at 832. There has been no suggestion that Michigan has a fundamental policy with a materially greater interest in a garden variety breach of contract action. Also, there are no conflict-of-law problems to consider, nor any possibility of the application of foreign law. Finally, Plaintiff argues that this is a straight forward collection case, and thus, this court has a strong interest in presiding over matters concerning persons and entities domiciled in this district. Plaintiff's argument is insufficient to overcome the Supreme Court's admonition that "a valid forum-selection clause should control except in unusual cases." *Atlantic Marine*, 571 U.S. at 582.

Plaintiff relies on a number of cases, (Doc. 16 at PgID 141-42), including *Servo Kinetic's, Inc. v. Tokyo Precision Instruments Co., Ltd.*, 352 F. Supp. 2d 787 (E.D. Mich. 2004), for the proposition that dismissal is not warranted under the doctrine of *forum non conveniens* based on deference owed to Plaintiff's choice of forum, and a careful weighing of public and private interests. Those cases are not persuasive as they do not involve forum-selection clauses which change the calculus for analysis under the

*forum non conveniens* doctrine by affording little weight to the plaintiff's choice of forum or private interests. *Atlantic Marine*, 571 U.S. at 63.

## IV. Conclusion

Having found that the forum-selection clause is enforceable and that dismissal is warranted under Rule 12(b)(6) and the doctrine of *forum non conveniens*, USX's motion to dismiss (Doc. 11) is GRANTED.

**IT IS SO ORDERED**.

Dated: October 16, 2018

                       s/George Caram Steeh
                       GEORGE CARAM STEEH
                       UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
October 16, 2018, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk