UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRANSPORT SYSTEMS, LLC,

    Plaintiff

v.

AMAZON

    Defendant.
_____/

Case No. 2:18-CV-11286
District Judge George Caram Steeh
Magistrate Judge Anthony P. Patti

# MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION TO COMPEL PLAINTIFF TO PAY COSTS (DE 23)

Defendant Amazon has filed a motion to compel Plaintiff Transport Systems, LLC ("Transport") to pay costs associated with the canceled deposition of Ali Saleh, Transport's corporate representative. (DE 23.) The Court set the matter for a hearing to take place on January 30, 2019; however, it was canceled due to inclement weather. Having reviewed the motion papers and prepared for the hearing, the Court has now determined that oral argument is unnecessary and, pursuant to Local Rule 7.1(f)(2), the motion will be decided without a hearing.

Amazon characterizes the deposition in question as "improperly" canceled "the evening before[,]" blaming Transport for the late cancellation and for failing to provide notice of the cancellation, causing Amazon's lead counsel to unnecessarily drive from Cleveland, Ohio to Birmingham, Michigan. (DE 23 at 4.)

The record shows that the deposition was scheduled and noticed for October 11, 2018 by co-defendant U.S. Xpress, Inc. ("USX"), a party which has since been dismissed from this case. (DE 23-1.) Three days before the scheduled deposition – not "the evening before"– Monica Parent, the legal assistant to USX's counsel, sent an email to Transport's attorney, which reads, "Please confirm the deposition of Corporate Rep Ali Saleh on Thursday, October 11 at 10:00 a.m." (DE 23-4 at 4.) This email was not copied to Amazon's counsel. Later that very day, Transport's attorney responded to Ms. Parent: "I don't remember a Notice for that and don't have it on my calendar. In any event, you have a Motion for [summary disposition] pending which[,] if granted[,] will negate the need and, of course, expense [for the deposition]. Discovery does not cut off until Jan[.] 30, 2019." (*Id.*) Thereafter, the deposition was apparently canceled, and no one bothered to tell Amazon's attorney; nor did Amazon's lead attorney apparently confirm with either of the other parties that the deposition was still going forward, before embarking on a three-hour journey from Cleveland. Amazon alleges in its motion that when its "counsel arrived [at the location for which the deposition had previously been set] no one answered the door. Amazon's counsel then contacted the office of USX's counsel and was informed that the deposition was canceled by the Plaintiff the evening before." (DE 23 at 4.) This double-hearsay is not otherwise confirmed in the record and is immaterial in any case, for the reasons explained below.

While Transport contends that Amazon should have confirmed the deposition – just like USX did – before sending out-of-town counsel to attend, Amazon notes that there is no such duty to confirm a duly noticed deposition under the Federal Rules of Civil Procedure. While Amazon is correct on this score, there is fault to go around here. Even if the *Rules* did not require Amazon to confirm the deposition before sending its counsel on a long road trip, *prudence* would have favored taking such a step.[1] And it is understandable that Transport's attorney did not think to copy Amazon's counsel on the correspondence in which he questioned proper notice and the wisdom of going forward with the deposition, as he was responding to an email from USX's attorney's office on which Amazon's counsel was likewise not copied. Transport's attorney responded to that email by simply hitting "reply," as "reply to all" would not have been an option.

What happened after that point to lead to the outright cancellation of the deposition is unclear. But two things are clear to the Court. First, the reply email from Transport's attorney, which is submitted by Amazon as evidence that Transport "canceled" the deposition, did nothing of the kind; rather, it simply

---

[1] Transport also argues that Amazon did not need to send its lead counsel from Ohio to attend the deposition, but could have simply sent its local counsel, at much less expense. This point is not well-taken. Parties have "an important public right … the right to the counsel of their choice." *Melamed v. ITT Continental Baking Co.,* 592 F.2d 290, 293 (6th Cir.1979); *see also Panduit Corp. v. All States Plastic Mfg. Co.,* 744 F.2d 1564, 1577 (Fed. Cir.1984) (referencing "right of an individual to retain counsel of his free choice") (internal quotations and citations omitted).

questioned whether proper notice had been given and the propriety of going forward with the deposition at that juncture. Indeed, even Amazon's counsel acknowledged this point, later writing to Transport's attorney that, "the email does not really even cancel the deposition." (DE 23-5 at 3.) Moreover, while the email disputes whether notice of the deposition was improperly given to the deponent, it does not indicate an unwillingness for him to appear, instead just questioning the timing. It also seeks *to avoid* unnecessary expenses, not to enhance them. Second, it was not Transport's deposition to cancel: it was USX's deposition to cancel. At some point, USX obviously did so, because neither its counsel nor its court reporter apparently showed up for the deposition, leaving only Amazon's attorney in the dark. While it would have made sense for Amazon's counsel to confirm the deposition beforehand, and it would have made sense for Transport's attorney to make sure that Amazon's counsel was in the loop, the actual *responsibility* for canceling the deposition and notifying all parties that it been canceled rested with the same party which had scheduled and noticed the deposition in the first place: USX. This is where the lion's share of the fault lies. In fact, it would have been entirely reasonable for *both* Amazon *and* Transport to expect that USX would inform Amazon's attorney of any cancellation. As Transport correctly characterizes it, since the expenses at issue were "incurred apparently due to an unfortunate breakdown in communications between *someone* and Amazon,

4

possibly between co-defendants or between lead and local counsel," fault should not rest with Plaintiff. (DE 27 at 4.) Alternatively, even if the Court were to find a culpable failure to act on Plaintiff's part, the other circumstances of this debacle, as described above, would "make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3).

Accordingly, the motion is **DENIED.**

**IT IS SO ORDERED.**

Dated: February 4, 2019          s/*Anthony P. Patti*
                                           Anthony P. Patti
                                           UNITED STATES MAGISTRATE JUDGE

### Certificate of Service

I hereby certify that a copy of the foregoing document was sent to parties of record on February 4, 2019, electronically and/or by U.S. Mail.

                                             s/Michael Williams
                                             Case Manager for the
                                             Honorable Anthony P. Patti