UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRANSPORT SYSTEMS, LLC,

        Plaintiff

v.

AMAZON

        Defendant.
_____/

Case No. 2:18-CV-11286
District Judge George Caram Steeh
Magistrate Judge Anthony P. Patti

# **ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT FOR SOLE PURPOSE OF CORRECTLY IDENTIFYING THE PLAINTIFF/TITLE HOLDER OF THE ASSET CONVERTED (DE 37) AND SETTING BRIEFING SCHEDULE REGARDING AMAZON'S MOTION FOR SUMMARY JUDGMENT**

This matter is before the Court for consideration of Plaintiff's motion for leave to amend complaint for sole purpose of correctly identifying the plaintiff/title holder of the asset converted and request for revised scheduling order regarding Amazon's motion for summary judgment (DE 37), Amazon's response (DE 39), and Plaintiff's reply (DE 40). This matter has been referred to me for all non-dispositive pretrial proceedings (DE 24), and a hearing was held on Plaintiff's motion on April 16, 2019, at which the Court entertained oral argument.

### A. Plaintiff's request amend or substitute parties

Upon consideration of the motion papers and oral argument, and consistent with the Court's ruling and reasoning on the record, which is hereby incorporated by reference as though fully restated herein, Plaintiff's motion for leave to amend complaint (DE 37) is **DENIED**. Plaintiff's request for leave to amend under Rule 15(a) is **DENIED** because the October 31, 2018 deadline for amending pleadings has passed, Plaintiff failed to seek leave to amend prior to that date, and it has failed to show good cause to amend that scheduling order. Fed. R. Civ. P. 15(a) & 16. Plaintiff's request for leave to amend under Rule 15(b) is **DENIED** because that Rule expressly only applies to "amendments during and after trial." Fed. R. Civ. P. 15(b).

And, Plaintiff's request for leave to substitute parties under Rule 17(a)(3) is **DENIED**. While the initial failure to name the proper entity plaintiff could be deemed an "understandable mistake" in this case, determination of the proper entity plaintiff was not difficult and should have been made before this lawsuit was filed. Nevertheless, the proper entity plaintiff was certainly was known to Plaintiff's counsel by *at least* (and likely before) August 29, 2018, the date certain title documents were produced in response to Amazon's discovery requests. Yet Plaintiff inexplicably failed to seek leave to amend the complaint to substitute the proper party plaintiff at any time during the two months preceding the October 31,

2

2018 deadline for amending pleadings contained in the scheduling order in this case. (DE 15.) The identity of the proper entity plaintiff was further confirmed during the January 30, 2019 deposition of Ali Saleh, owner of Plaintiff Transport Systems, LLC, who testified that the trailer at issue was owned by an entity named "Sure Express LLC." Still, Plaintiff waited until March 19, 2019, over two weeks after Amazon filed its motion for summary judgment – arguing in part that Plaintiff lacks standing to prosecute its claims because it does not own the trailer at issue – to finally bring the instant motion to amend the complaint to "correctly identify[] the plaintiff/title holder of the asset converted." (DEs 35, 39.) While there has been no showing that Plaintiff has engaged in bad faith or "tactical maneuvering," this delay in naming the proper entity plaintiff is unreasonable. *See Tool-Plas Systems, Inc. v. Camaco, LLC*, No. 09-12003, 2010 WL 1347686, at *2 (E.D. Mich. Mar. 31, 2010) (citation omitted). Further, allowing substitution at this late date would necessitate additional discovery, after the discovery deadline has passed and Amazon's motion for summary judgment is pending, and thus would result in undue prejudice to Amazon.

Accordingly, Plaintiff's motion for leave to amend the complaint (DE 37) is **DENIED**.

### B. Briefing schedule regarding Amazon's motion for summary judgment

Plaintiff also requested a revised scheduling order regarding Amazon's motion for summary judgment. (DE 37.) Plaintiff's response was initially due on March 21, 2019. (DE 36.) On March 21, 2019, the Court entered a Text-Only Order amending that briefing schedule. However, that same day, prior to seeing the Court's text-only order, Plaintiff filed its response to Amazon's motion for summary judgment. (DE 39.) In accordance with the March 21, 2019 Text-Only Order, Plaintiff may withdraw its previously filed response (DE 39), and file an amended response to Amazon's motion for summary judgment **on or before May 7, 2019**, with Amazon's reply brief due **on or before May 21, 2019**.

IT IS SO ORDERED.

Dated: April 17, 2019  s/*Anthony P. Patti*
Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE

### Certificate of Service

I hereby certify that a copy of the foregoing document was sent to parties of record on April 17, 2019, electronically and/or by U.S. Mail.

s/Michael Williams
Case Manager for the
Honorable Anthony P. Patti